**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5172**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WILLIAM HARRIS TAFT, JR.,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00208)

Argued: September 25, 2008        Decided: November 17, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Alton Larue Gwaltney, III, MOORE & VAN ALLEN, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Harris Taft, Jr. pled guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. He now appeals his 41-month sentence imposed upon remand for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). For the following reasons, we affirm.

Taft's primary argument is that the district court applied the Sentencing Guidelines in a mandatory fashion by giving a presumption of reasonableness to the Guidelines range in violation of Booker.[1] In Rita v. United States, 127 S. Ct 2456, 2465 (2007), which had not yet been decided at the time of sentencing, the Supreme Court limited application of the reasonableness presumption to appellate review and explicitly stated that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Taft filed written objections prior to sentencing, which he later referenced at the hearing. In his written objections, Taft objected to our post-Booker sentencing scheme. However, Taft did not explicitly object to any application of a district court presumption of reasonableness to the Guidelines range.

---

[1] Taft also contends that his sentence violates the Sixth Amendment because it is based on facts not found by a jury and is unreasonable. We have reviewed the record and find no merit to these contentions.

2

Subsequently, when the district court noted a presumption of reasonableness twice during the hearing, Taft failed to explicitly object on these grounds either time. Because Taft did not properly object to the presumption, we review his sentence for plain error. See United States v. Olano, 507 U.S. 725 (1993).[2]

To establish plain error, Taft must show that an error occurred, that the error was plain, and that the error affected his substantial rights. Id. at 732-34. Even if Taft makes this three-part showing, correction of the error remains within our discretion, which we should not exercise unless the error "'seriously affect[s] the fairness, integrity or public reputation of [the] judicial proceedings.'" Id. at 736 (internal citations omitted).

Our review of the record leads us to conclude there was error. See Rita, 127 S. Ct at 2465. The error is also plain. See Johnson v. United States, 520 U.S. 461, 468 (1997) (holding that "in a case. . .where the law at the time of trial was settled and clearly contrary to the law at the time of appeal —

---

[2] Plain error is appropriate in reviewing post-Booker sentencing appeals. See United States v. White, 405 F.3d 208, 217 (4th Cir. 2005). Moreover, at least one other circuit court has applied plain error analysis to an argument similar to the one Taft presents (i.e., the district court's application of a reasonableness presumption to a Guideline sentence). See United States v. Howe, 538 F.3d 842, 857 (8th Cir. 2008).

it is enough that an error be 'plain' at the time of appellate consideration").

We must now determine whether Taft has shown that the plain error in sentencing affected his substantial rights. Olano, 507 U.S. at 734. In this regard, Taft must demonstrate prejudice — i.e., the error affected the outcome of the district court proceedings. Id. In other words, Taft must show that had the error not occurred, he would have received a less severe sentence. We find that Taft has failed to make this showing.

At sentencing, the district court noted that it had considered the § 3553(a) factors. Although the district court noted a presumption of reasonableness in regard to the Guidelines, it also explicitly and correctly noted that the Guidelines were advisory. Further, the district court did not blindly accept the sentence calculations contained in the PSR. In fact, the district court, in giving individualized consideration to Taft, decreased his criminal history category from II to I. Although the court could have been more precise in its sentencing comments, it is clear that the court knew the Guidelines were advisory and that the court gave consideration to the § 3553(a) factors. It is also clear that the court fashioned an individualized sentence for Taft. Therefore, Taft has not persuaded us that his sentence would have been less had

4

the district court not erroneously stated there was a presumption of reasonableness to a Guidelines sentence.

Based on the foregoing, we affirm the district court's judgment.

AFFIRMED